**Opinion issued October 11, 2012**



In The

# Court of Appeals

For The

# First District of Texas

―――――――――――――

**NO. 01-12-00745-CR**

―――――――――――――

**IN RE THOMAS FLORENCE, Relator**

―――――――――――――

**Original Proceeding on Petition for Writ of Mandamus**

―――――――――――――

## MEMORANDUM OPINION

Relator, Thomas Florence, petitioned for writ of mandamus complaining of

the letter sent to him by this Court on July 31, 2012, regarding his pending appeal

in cause number 01-11-00822-CR.[1] In this letter, the Clerk of this Court informed

―――――――――――――

[1] The underlying case is *State of Texas v. Thomas Wayne Florence*, No. 10CR1217, (56th Dist. Ct., Galveston Cnty., Tex.), the Honorable Lonnie Cox, presiding, which has been appealed to this Court in cause number 01-11-00822-CR and is still pending.

Florence, in acknowledgment of his "communication received July 6, 2012, with reference to [his] direct appeal," that his appeal "[h]as been filed but has not yet been decided," that his case "is currently abated to the trial court," and that, because he is still represented by court-appointed appellate counsel, he is not entitled to "hybrid representation."

Florence's petition requests that this Court issue a writ of mandamus against itself. A court of appeals has authority to issue writs of mandamus against district and county-court judges within the court of appeals' district and all writs necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (Vernon 2004). There is no statutory authority allowing for this Court to issue a writ of mandamus against itself, and Florence makes no effort to identify how the issuance of the writ would be necessary for this Court to enforce its jurisdiction.

Furthermore, Florence's petition for writ of mandamus does not comply with the requirements of Texas Rule of Appellate Procedure 52.3. *See* TEX. R. APP. P. 52.3 (requiring, among other things, that petition include complete list of all parties, statement of case, and statement regarding basis of this Court's exercise of jurisdiction).

We also observe that any complaints regarding Florence's right to hybrid representation or right to proceed pro se on appeal are now moot, as this Court issued an order on August 17, 2012 in cause number 01-11-00822-CR reinstating

2

the appeal, recognizing the trial court's finding that Florence may proceed in this appeal pro se, and setting a briefing schedule.

Accordingly, we deny the petition for writ of mandamus. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).